# Condry, Appellant, *v.* Wilkes-Barre & Wyoming Valley Traction Company.

*Negligence—Street railways—Fright of horses—Speed of car—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries alleged to have been sustained as a result of the frightening of plaintiff's horses by an electric car, a nonsuit is properly entered, where it appears from the testimony of plaintiff's witnesses that the car was running at the usual speed and not more than ten to fifteen miles an hour between cross streets, and it is not shown that the speed of the car contributed in any way to the accident.

Argued April 12, 1910. Appeal, No. 79, Jan. T., 1910, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1906, No. 929, refusing to take off nonsuit in case of Michael Condry v. The Wilkes-Barre & Wyoming Valley Traction Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, P. J., specially presiding.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was order refusing to take off nonsuit.

*James L. Lenahan,* for appellant.

*Paul Bedford,* with him *Frank A. McGuigan* and *John T. Lenahan,* for appellee.

PER CURIAM, May 16, 1910:

While the plaintiff's horses were standing at the side of a city street they were frightened by an electric car which approached from the direction in which they were facing. When the car was about 150 feet from them they suddenly turned across the street in front of it and ran ahead of it until the wagon collided with a telegraph pole. The negligence alleged in the plaintiff's statement was that the car was run at an excessively high rate of speed. This was not shown. The plaintiff's witnesses testified that the car was running at the usual speed and the highest estimate of its speed was from ten to fifteen miles an hour between cross streets. Nor was it shown that the speed of the car contributed in any way to the accident. The burden of proof of negligence was on the plaintiff and as none was shown, a nonsuit was properly entered.

The judgment is affirmed.